```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA


OMAR N. BEYAH,                          )
  C/Ciudad Real, 18                     )
  45810 Villanueva de Alcardete         )
  Toledo, Spain                         )
                                        )
        Plaintiff,                      )
                                        )   Civil Action No.
    v.                                  )
                                        )
DAVID M. WALKER,                        )
  Comptroller General                   )
  Of The United States,                 )
                                        )
        Defendant.                      )
                                        )
```

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Preliminary Statement**

1.) This is an action by Omar N. Beyah, an architect and accomplished program manager successfully employed for more than fifteen years by the General Services Administration ("GSA"), who was terminated in less than a year after being recruited by his subsequent employer, the Government Accountability Office ("GAO"), effective September 10, 2004. GAO's alleged basis for terminating Mr. Beyah was his purported failure to perform satisfactorily as a Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team.

2.) In truth, Mr. Beyah's substantive duties at GAO were no different from those that he had successfully performed over a long period of time at GSA and his performance at GAO was no less successful than it had been at GSA.

3.) GAO's alleged reason for terminating Mr. Beyah was a pretext to discriminate against him on account of his race (African American), as was its initial assignment of a pay band and salary.

1

The decision to terminate Mr. Beyah was also a pretext to discriminate on account of his sex (male), and in retaliation for Mr. Beyah's opposition to defendant's discrimination toward him and his initiation of the administrative complaints process, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating 42 U.S.C. §§2000e-2, 3).

4.) To remedy defendant's unlawful conduct, plaintiff seeks reinstatement in his former position at GAO; backpay; compensatory damages; and an award of his attorneys fees and costs.

### Parties, Jurisdiction, and Venue

5.) Plaintiff Omar N. Beyah is an African American male formerly employed by the Government Accountability Office as a Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team. Since his unlawful discharge and unsuccessful attempts at obtaining suitable employment, Mr. Beyah was forced to sell his house and has since been residing at the address recited in the caption of this Complaint.

6.) Defendant David M. Walker is the Comptroller General of the United States and, as such, is the head of the Government Accountability Office, an agency in the legislative branch of the federal government. The mission of the Government Accountability Office includes helping improve the performance and assure the accountability of the federal government, and conducting studies for Congress that evaluate federal programs for the purpose of improving government programs and assisting Congressional oversight. Defendant is sued in his official capacity only.

7.) Jurisdiction of this Court is based upon 28 U.S.C. §1332, and 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C.

§2000e-5(c)). Venue lies in this judicial district pursuant to 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000-5(f)(3)), because the acts of discrimination and reprisal occurred in this judicial district where plaintiff would have been employed but for their commission.

## Statement Of Facts

### Background

8.) Mr. Beyah is an architect and accomplished program manager who, before the acts that comprise the subject matter of this lawsuit, was successfully employed by the federal government, specifically the General Services Administration ("GSA"), for over fifteen years.

9.) Mr. Beyah was last employed by GSA as the Senior Asset Manager for the GSA Metropolitan Services Center, between May of 1998 and September of 2003. There, Mr. Beyah was responsible for assisting senior GSA officials and overseeing the work of junior Asset Managers in planning and implementing strategies for managing GSA real property assets in greater metropolitan Washington, D.C. Among his duties and accomplishments, Mr. Beyah led the GSA team that planned, developed, and arranged funding for the new $1 billion headquarters of the U.S. Food and Drug Administration.

10.) As a participant in the Brookings Institution's Legislative Fellows Program, Mr. Beyah was assigned to the office of U.S. Representative Bobby L. Rush between February and September of 2000, where he managed legislative projects and prepared statements for Congressional hearings and reports for the House Commerce Committee concerning Trade, and Consumer Protection; and Telecommunications and the Internet.

11.) Mr. Beyah led GSA's D.C. Schools program and conducted successful negotiations with the D.C. Control Board to abate pervasive fire code violations in D.C. Public Schools facilities as Assistant to GSA's Development Director of Design and Construction, from September of 1996 to May of 1998. Mr. Beyah's duties and responsibilities in that position included managing a team of GSA and consulting professionals responsible for developing and implementing DCPS construction projects and schedules; overseeing the preparation of cost estimates; negotiating work orders; and overseeing construction at DCPS schools.

12.) Mr. Beyah's other successful experience at GSA, dating back to 1989, included serving as Assistant to the GSA Regional Administrator for the Mid-Atlantic Region; as the Project Manager for the planning, design, and construction of the new U.S. Courthouse and Federal Building in Allentown, Pennsylvania; and as the leader of the design team responsible for planning and construction of the new offices of the Internal Revenue Service in Richmond, Virginia.

13.) Mr. Beyah is a graduate of the Harvard University Senior Executive Fellows Program at the John F. Kennedy School of Government and an associate member of the American Institute of Architects.

### Employment at GAO

14.) Mr. Beyah met GAO's Director of Physical Infrastructure, Mark Goldstein, in April of 2003, while the two were participating in a one month course given at the Harvard University John F. Kennedy School of Government.

15.) Impressed with Mr. Beyah's extensive background as a real property asset manager at GSA, Mr. Goldstein decided to recruit Mr. Beyah for the next similar opening at GAO.

16.) When a position as a Senior Analyst responsible for real estate asset management became vacant later in 2003, Mr. Goldstein interviewed and then was responsible for Mr. Beyah's appointment to the position, effective September 21, 2003, at the Band II level and at a starting salary of $92,484.00.  On information and belief, Mr. Beyah was hired at a lower Band and/or salary than similarly situated, Caucasian members of the Physical Infrastructure Team who held positions comparable to his.

17.) Mr. Beyah's appointment as a Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team was effected as a lateral transfer at the same grade and to the same type of position as he was encumbering at GSA.

18.) As a Senior Analyst, Mr. Beyah was responsible for assignments known as engagements, which entailed being the senior internal consultant for real property asset management projects including, but not limited to, the John F. Kennedy Center for the Performing Arts.

19.) After his appointment at GAO and completion of orientation and initial training, Mr. Beyah was assigned to work under the supervision of Mr. Goldstein, GAO's Director of Physical Infrastructure, and Terrell Dorn, the Assistant Director of Physical Infrastructure.

20.) Mr. Beyah continued to work under the supervision of Mr. Goldstein and Mr. Dorn through his mid-year assessment in March of 2004.  During that time, Mr. Goldstein and Mr. Dorn repeatedly

offered praises of Mr. Beyah's work and for his acclimation to GAO's specific methods of asset management.

21.) In March of 2004, Mr. Dorn gave Mr. Beyah his oral, mid-year performance appraisal in a 15 to 20 minute session. Mr. Dorn commented positively on Mr. Beyah's work, expressed GAO's appreciation for the experience that Mr. Beyah brought to bear in carrying out assigned engagements, and noted that Mr. Beyah's technical writing was superior to the work product that was typical of GAO's Physical Infrastructure Team. Mr. Dorn also commented that he had received positive feedback about Mr. Beyah and his work.

22.) After Mr. Dorn gave Mr. Beyah his mid-year appraisal, Mr. Beyah's lines of reporting authority changed. His first line supervisor became Maria Edelstein, and his second line supervisor became Susan Fleming.

23.) Although Mr. Goldstein and Mr. Dorn had always been complimentary of Mr. Beyah's work, throughout his assignment working under the supervision of Ms. Edelstein and Ms. Fleming, the two criticized Mr. Beyah's work baselessly, conducted themselves confrontationally and contemptuously toward Mr. Beyah, and frequently yelled at Mr. Beyah.

24.) Among their criticism and hostility, Ms. Edelstein and Ms. Fleming directed Mr. Beyah to prepare written materials at a "kindergarten" level and then faulted Mr. Beyah for the purported lack of sophistication of his work.

25.) Without reason or cause, Ms. Edelstein and Ms. Fleming were particularly abusive and critical of Mr. Beyah during his work on the Kennedy Center engagement. They repeatedly talked down to Mr. Beyah and Ms. Edelstein yelled at Mr. Beyah, as well.

26.) On repeated occasions, Mr. Beyah notified managers in the GAO Office of Physical Infrastructure, including Mr. Goldstein, Mr. Dorn, Ms. Fleming, and Ms. Edelstein, that he was being treated unfairly on account of his appointment as a Band II Senior Analyst, and that he was being treated disparately from the way other employees were being treated, including a white Senior Analyst.

27.) Mr. Beyah also questioned one or more of the foregoing managers why they appointed him as a Senior Analyst at the Band II level without informing Mr. Beyah that a Senior Analyst position was available at Band III, which carries with it a higher salary, the level at which a white Senior Analyst had been hired.

28.) Mr. Beyah further notified one or more of the foregoing managers that he was documenting a complaint of discrimination to challenge GAO's treatment of him.

29.) On August 8, 2004, based on the belief that defendant was discriminating against him on account of his race and his sex, Mr. Beyah filed a Charge with GAO's Personnel Appeals Board ("PAB") Office of General Counsel.

30.) Among its functions, the PAB serves as the personnel appellate body for GAO employees, who do not have recourse to the Merit Systems Protection Board under the Civil Service Reform Act. The PAB's Office of General Counsel serves as the analogue to the Office of Special Counsel for GAO employees, among its functions.

31.) During this period, Ms. Edelstein and Ms. Fleming actively lobbied GAO management, including Mr. Goldstein, Mr. Dorn, Mr. Gryszkowiec, and Chief Human Capital Officer Jesse Hopkins, to terminate Mr. Beyah's employment, citing the pretextual incidents of his alleged unsatisfactory performance as grounds.

32.) On August 23, 2004, Chief Human Capital Officer Hopkins issued a letter notifying Mr. Beyah that GAO would be terminating him on the pretextual ground of alleged unsatisfactory performance, effective September 10, 2004. GAO's notification offered Mr. Beyah no opportunity to grieve or appeal the decision to terminate him, on the purported ground that Mr. Beyah was a probationary employee, which he was not.

33.) On August 30, 2004, Mr. Beyah amended his Charge to the PAB Office of General Counsel, to challenge the foregoing notice terminating him.

34.) On September 7, 2004, the PAB Office of General Counsel moved the PAB to stay the termination of Mr. Beyah's employment for 30 days. The grounds supporting the motion by the Office of General Counsel were that Mr. Beyah had been subject to discrimination and that Mr. Beyah was likely entitled to the procedural and substantive protections due a member of the career civil service who had completed a probationary period.

35.) On September 9, 2004, the PAB granted the motion of the Office of General Counsel and issued an <u>ex parte</u> stay of Mr. Beyah's termination for 30 days, until October 9, 2004.

36.) On September 29, 2004, the PAB Office of General Counsel moved for an additional 21 day stay of Mr. Beyah's termination, which the PAB granted until October 18, 2004.

37.) Upon the expiration of the PAB's stay, GAO discharged Mr. Beyah, without affording him the protection due a member of the career civil service who, like Mr. Beyah, had completed a probationary period.

**Exhaustion of Administrative Remedies**

38.) Plaintiff timely initiated the informal EEO complaints process on or about July 16, 2004, after advising defendant earlier that he would likely be pursuing the administrative discrimination complaints processes. Plaintiff timely filed his initial EEO complaint on or about October 4, 2004, and timely amended that complaint on or about November 10, 2004. Defendant issued the Final Agency Decision on or about November 1, 2006. This action was initiated within 90 days of plaintiff's receipt of that decision.

**Count I**
**(Race Discrimination)**

39.) Plaintiff incorporates the allegations contained in paragraphs 1 through 39 above, as though fully set forth here.

40.) Plaintiff's race is African American.

41.) At all times relevant, plaintiff satisfactorily and successfully carried out his duties and responsibilities, and conducted himself appropriately, as a Band II Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team.

42.) Despite plaintiff's satisfactory performance and appropriate conduct, defendant discharged plaintiff from his position as a Band II Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team, effective October 18, 2004.

43.) Defendant discriminated against plaintiff on account of his race in discharging plaintiff from his position as a Band II Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team, effective October 18, 2004.

44.) In discharging plaintiff, defendant subjected him to adverse employment action.

45.) Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-2)), in discharging plaintiff from his position as a Band II Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team on account of his race.

46.) Defendant's violation of Title VII caused plaintiff to suffer physical and emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

**Count II**
**(Sex Discrimination)**

47.) Plaintiff incorporates the allegations contained in paragraphs 1 through 46 above, as though fully set forth here.

48.) Plaintiff's sex is male.

49.) At all times relevant, plaintiff satisfactorily and successfully carried out his duties and responsibilities, and conducted himself appropriately, as a Band II Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team.

50.) Despite plaintiff's satisfactory performance and appropriate conduct, defendant discharged plaintiff from his position as a Band II Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team, effective October 18, 2004.

51.) Defendant discriminated against plaintiff on account of his sex in discharging plaintiff from his position as a Band II

Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team, effective October 18, 2004.

52.) In discharging plaintiff, defendant subjected him to adverse employment action.

53.) Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-2)), in discharging plaintiff from his position as a Band II Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team on account of his sex.

54.) Defendant's violation of Title VII caused plaintiff to suffer physical and emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

### Count III
### (Retaliation)

55.) Plaintiff incorporates the allegations contained in paragraphs 1 through 54 above, as though fully set forth here.

56.) Plaintiff engaged in activity protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as alleged in greater detail in paragraphs 26 though 34 above.

57.) At all times relevant, plaintiff satisfactorily and successfully carried out his duties and responsibilities, and conducted himself appropriately, as a Band II Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team.

58.) Despite plaintiff's satisfactory performance and appropriate conduct, defendant discharged plaintiff from his position as a Band II Senior Analyst in GAO's Portfolio Management

11

Division on its Physical Infrastructure Team, effective October 18, 2004.

59.) Defendant retaliated against plaintiff on account of his protected activities in discharging plaintiff from his position as a Band II Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team, effective October 18, 2004.

60.) In discharging plaintiff, defendant retaliated against Mr. Beyah in a manner that would dissuade a reasonable worker from making or supporting a charge of discrimination, and materially and adversely altered the terms, conditions, and privileges of plaintiff's future employment.

61.) Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-3)), in discharging plaintiff from his position as a Band II Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team on account of his prior protected activity.

62.) Defendant's violation of Title VII caused plaintiff to suffer physical and emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

### Count IV
### (Race Discrimination)

63.) Plaintiff incorporates the allegations contained in paragraphs 1 through 62 above, as though fully set forth here.

64.) Plaintiff's race is African American.

65.) On information and belief, defendant hired Mr. Beyah as a Band II Senior Analyst in GAO's Portfolio Management Division at an initial salary of $92,484.00, a lower Band and/or salary than

similarly situated, Caucasian members of the Physical Infrastructure Team who held positions comparable to Mr. Beyah's.

66.) On information and belief, Mr. Beyah was qualified for appointment at a Band higher than Band II, the level at which he was hired, and at a salary greater than he was hired.

67.) Defendant discriminated against Mr. Beyah on account of his race when, on information and belief, it hired him at a Band and/or salary lower than those levels at which it appointed similarly situated, Caucasian members of the Physical Infrastructure Team who held positions comparable to plaintiff's

68.) In appointing plaintiff at the Band II level and assigning him an initial salary of $92,484.00, defendant subjected plaintiff to adverse employment action.

69.) Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-2)), appointing plaintiff at the Band II level and assigning him an initial salary on account of his race.

70.) Defendant's violation of Title VII caused plaintiff to suffer physical and emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

**PRAYER FOR RELIEF**

Wherefore, plaintiff Omar N. Beyah respectfully requests that the Court enter judgment in his favor and award him the following relief.

A.   An Order declaring that defendant violated plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16.

B.   An Order directing defendant to reinstate plaintiff as a Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team at the Band II level, retroactive to October 18, 2004, reporting to managers other than those who engaged in discrimination and retaliation against plaintiff.

C.   Backpay.

D.   Record correction and expunction.

E.   Compensatory damages in an amount to be determined at trial to compensate plaintiff for his pecuniary losses and non-monetary injuries for the physical and emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of future career opportunities, loss of professional reputation, and loss of enjoyment of life caused by defendant's actions.

F.   Pre- and post-judgment interest.

G.   The attorneys' fees and costs incurred by plaintiff.

H.   Such other relief as may be just and appropriate.

**<u>Jury Demand</u>**

Plaintiff requests a trial by jury of all issues so triable.

                         Respectfully submitted,

                         Robert C. Seldon, Esq.
                           D.C. Bar No. 245100
                         Robert C. Seldon & Associates, P.C.
                         1319 F Street, N.W., Suite 305
                         Washington, D.C.  20004
                         (202) 955-6968

By:   _____
       Counsel for Plaintiff

H
07-109
ESH

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Omar N. Beyah

99999

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert C. Seldon, Esq.
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, D.C. 20004
(202) 955-6968

## DEFENDANTS
DAVID M. WALKER,
Comptroller General of the United States

77777

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
AND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

CASE NUMBER  1:07CV00109

JUDGE: Ellen Segal Huvelle

DECK TYPE: Employment Discrimination

DATE STAMP: 01/17/2007

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⦿ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*
☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ⊗ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Action under Title VII of the Civil Rights Act for discrimination and retaliation in initial hire and termination of employment

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 300,000.00   Check YES only if demanded in complaint   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE 1-17-07   SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.