**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **OMAR N. BEYAH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 07-109 (ESH)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DAVID M. WALKER,** | ) | |
| **Comptroller General of the United States,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**ANSWER**

Defendant, David M. Walker, in his official capacity as Comptroller General of the United States ("Defendant" or "the Agency"), through the undersigned counsel, hereby answers the Complaint filed in the above-styled action.

Defendant responds to the corresponding numbered paragraphs of the Complaint by admitting, denying or stating the following:

1.    The first sentence of this paragraph consists of plaintiff's characterization of his action and his personal accomplishments, to which no response is required.  Defendant admits that Plaintiff was notified that he was being terminated by the Government Accountability Office ("GAO") effective September 10, 2004.  Defendant admits that GAO's basis for terminating plaintiff was his failure to perform satisfactorily as a Senior Analyst in GAO's Physical Infrastructure team.  Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 that plaintiff's substantive duties at GAO

were no different from those that he had successfully performed over a long period of time at GSA and that his performance at GAO was no less successful than it had been at GSA.

3.     This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

4.     This paragraph contains plaintiff's request for relief to which no response is required; to the extent a response is required, defendant states that plaintiff is not entitled to the relief requested or to any relief whatsoever.

## Parties, Jurisdiction, and Venue

5.     Defendant denies the first sentence of this paragraph, except to admit that plaintiff is an African American male formerly employed by the Government Accountability Office as a Senior Analyst on its Physical Infrastructure Team.  Defendant denies that plaintiff was unlawfully discharged.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the statement that plaintiff has been forced to sell his house and has been residing at the address recited in the caption of the Complaint.

6.     Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.     This paragraph consists of plaintiff's characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required.

## Statement of Facts
## Background

8.     Defendant admits that Mr. Beyah was previously employed by the General Services Administration.  Defendant admits that plaintiff's curriculum vitae (CV) states that he was previously employed by GSA since 1989, that he was a program manager, and that he has a Bachelor of Architecture degree.  Defendant is without sufficient knowledge or information to

2

form a belief as to the truth of the statement that plaintiff was an "accomplished program manager" and had been "successfully employed" by the GSA.

9.      Defendant admits that Mr. Beyah was last employed by the GSA in September 2003.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining statements contained in paragraph 9 of the Complaint.

10.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the statements contained in paragraph 10 of the Complaint.

11.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the statements contained in paragraph 11 of the Complaint.

12.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the statements contained in paragraph 11 of the Complaint.

13.      Defendant admits that Mr. Beyah attended the Harvard University Senior Executive Fellows Program at the John F. Kennedy School of Government.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the statement that Mr. Beyah is an associate member of the American Institute of Architects.

## Employment at GAO

14.      Defendant admits that Mr. Beyah met Mark Goldstein, a Director in the Physical Infrastructure Team, in April 2003, while the two were participating in a one month course given at the Harvard University John F. Kennedy School of Government.  Defendant denies the remaining allegations contained in paragraph 14 of the Complaint.

15.      The plaintiff's assertion that Mr. Goldstein was impressed with plaintiff's extensive background as a real property asset manager at GSA is a subjective characterization

3

that Defendant lacks sufficient information to admit or deny. Defendant admits that Mr.
Goldstein informed plaintiff of the availability of a position for applicants with experience in
construction and architecture.

16.    Defendant admits that when a position as a Senior Analyst with experience in
construction and architecture became vacant in 2003, Mr. Goldstein was among the officials who
interviewed Mr. Beyah and that Mr. Beyah was subsequently made an offer by GAO's Human
Capital Office at the Band II level with a starting salary of $92,484.00 effective September 21,
2003. Defendant denies the remaining allegations contained in paragraph 16 of the Complaint.

17.    Defendant admits that Mr. Beyah was appointed as a Senior Analyst in GAO's
Physical Infrastructure Team as a lateral transfer at the same grade equivalent as he was
encumbering at GSA. Defendant denies that this appointment was to the same type of position
as plaintiff was encumbering at GSA and that plaintiff was working in GAO's Portfolio
Management Division as no such division exists or existed at the time of Mr. Beyah's
employment.

18.    Defendant admits that, as a Senior Analyst, Mr. Beyah was responsible for
assignments known as engagements, and that one engagement to which he was assigned
concerned the John F. Kennedy Center for the Performing Arts. Defendant denies the remaining
allegations contained in paragraph 18.

19.    Defendant admits that, after his appointment at GAO and completion of
orientation and initial training, Mr. Beyah was assigned to work under the supervision of Mr.
Terrell Dorn, an Assistant Director on the Physical Infrastructure Team. Defendant denies that
Mr. Beyah was assigned to work under the supervision of Mr. Goldstein. Defendant further

4

avers that Mr. Dorn worked under the supervision of Mark Goldstein, a Director on the Physical Infrastructure Team.

20.    Defendant admits that Mr. Beyah worked under the supervision of Mr. Dorn through his mid-year assessment in March 2004.  Defendant denies the remaining allegations contained in paragraph 20 of the Complaint.

21.    Defendant admits that in March 2004, Mr. Dorn gave Mr. Beyah his oral, mid-year performance assessment.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining statements in paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in the first sentence of this paragraph. Defendant avers that Maria Edelstein was Mr. Beyah's first line supervisor for certain engagements both prior to and after Mr. Beyah's mid-year appraisal.  Defendant admits that Susan Fleming became Mr. Beyah's second line supervisor on the John F. Kennedy Center for the Performing Arts engagement in March 2004.

23.    Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.    Defendant admits that Ms. Edelstein and Ms. Fleming directed Mr. Beyah to prepare written materials.  Defendant denies the statements that Mr. Beyah was directed to prepare such materials at a "kindergarten level" and that he was then faulted for the purported lack of sophistication of his work.

25.    Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.    Defendant admits that, on at least one occasion, Mr. Beyah informed Mr. Goldstein, Mr. Dorn and Ms. Fleming, of discontentment he had with Ms. Edelstein's treatment of him.  Defendant denies the remaining allegations contained in paragraph 26 of the Complaint.

27.    Defendant admits that Mr. Beyah questioned Mr. Goldstein regarding why he was appointed at the Band II level without being informed that a Senior Analyst position was available at the Band III level, which carries a higher salary.  Defendant denies the remaining allegations contained in paragraph 27 of the Complaint.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.    Defendant admits that Mr. Beyah filed a Charge with GAO's Personnel Appeals Board ("PAB") Office of the General Counsel on August 12, 2004, in which he alleged discrimination on the basis of his race and sex.  Defendant is without sufficient knowledge or information to form a belief as to the statement that Mr. Beyah believed that defendant was discriminating against him on account of his race and sex.

30.    Defendant denies the allegations of the  the first sentence of this paragraph, except to admit that the PAB performs the adjudicatory functions carried out in the Executive Branch by the Merit Systems Protection Board ("MSPB").  Defendant admits the second sentence of paragraph 30.

31.    Defendant denies the allegations contained in paragraph 31 of the Complaint, except to aver that Ms. Edelstein and Ms. Fleming did raise concerns they had about Mr. Beyah's performance to GAO management.

32.    Defendant admits the allegations contained in paragraph 32 to the extent that Chief Human Capital Officer Hopkins issued a letter dated August 23, 2004 notifying Mr. Beyah that GAO would be terminating him due to unsatisfactory performance, effective September 10, 2004.  Defendant denies the allegations contained in the second sentence of this paragraph. Defendant avers that GAO's notification stated that Mr. Beyah had no right to grieve or appeal

the termination decision on the ground that Mr. Beyah was a probationary employee. Furthermore, the notification informed Mr. Beyah of his right to file an EEO complaint.

33.     Defendant admits the allegations contained in paragraph 33 of the Complaint.

34.     Defendant admits the first sentence contained in paragraph 34.  Defendant denies the remaining allegations in paragraph 34.  Defendant avers that the grounds supporting the motion of the  PAB's Office of the General Counsel were that Mr. Beyah may have been subject to discrimination and that it was possible that he had been wrongfully placed in a probationary period.

35.     Defendant admits the allegations contained in paragraph 35 of the Complaint.

36.     Defendant admits the allegations contained in paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the Complaint except to admit that, subsequent to the expiration of the PAB's stay, GAO terminated Mr. Beyah without affording him the protection due a member of the career civil service who, unlike Mr. Beyah, had completed a probationary period.

**Exhaustion of Administrative Remedies**

38.     Defendant admits that Plaintiff timely initiated the informal EEO complaint process on or about July 16, 2004.  Defendant admits that plaintiff filed his initial EEO complaint on or about October 4, 2004, and amended that complaint on or about November 10, 2004.  Defendant admits that a Final Agency Decision was issued on or about November 1, 2006.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the statement contained in the final sentence of paragraph 38.

**Count I**
**(Race Discrimination)**

39.     Defendant hereby incorporates its responses to paragraphs 1 through 38.

40.     Defendant admits the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint,
except to admit that, at all relevant times, plaintiff was a Band II Senior Analyst in GAO's
Physical Infrastructure Team.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint,
except to admit that plaintiff was discharged from his position as a Band II Senior Analyst in
GAO's Physical Infrastructure Team effective October 21, 2004.

43.     Defendant admits that plaintiff was discharged from his position as a Band II
Senior Analyst in GAO's Physical Infrastructure Team effective October 21, 2004.  The
remaining allegations contained in paragraph 43 are conclusions of law, not averments of fact, to
which no response is required; to the extent a response is required, denied.

44.     This paragraph contains conclusions of law, not averments of fact, to which no
response is required; to the extent a response is required, denied.

45.     This paragraph contains conclusions of law, not averments of fact, to which no
response is required; to the extent a response is required, denied.

46.     This paragraph contains conclusions of law, not averments of fact, to which no
response is required; to the extent a response is required, denied.

**Count II**
**(Sex Discrimination)**

47.     Defendant hereby incorporates its responses to paragraphs 1 through 46.

8

48.    Defendant admits the allegations contained in paragraph 48 of the Complaint.

49.    Defendant admits that plaintiff was a Band II Senior Analyst on GAO's Physical Infrastructure Team.  Defendant denies the remaining allegations contained in paragraph 49 of the Complaint.

50.    Defendant admits that plaintiff was discharged from his position as a Band II Senior Analyst on GAO's Physical Infrastructure Team effective October 21, 2004.  Defendant denies the remaining allegations contained in paragraph 50 of the Complaint.

51.    This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

52.    This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

53.    This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

54.    This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

## Count III
## (Retaliation)

55.    Defendant hereby incorporates its responses to paragraphs 1 through 54.

56.    This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

57.    Defendant denies the allegations contained in paragraph 57 of the Complaint, except to admit that plaintiff was a Band II Senior Analyst on GAO's Physical Infrastructure Team.

9

58.    Defendant denies the allegations contained in paragraph 58 of the Complaint except to admit that plaintiff was discharged from his position as a Band II Senior Analyst on GAO's Physical Infrastructure Team.  Defendant further avers that the discharge was effective October 21, 2004.

59.    This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

60.    This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

61.    This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

62.    This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

**Count IV**
**(Race Discrimination)**

63.    Defendant hereby incorporates its responses to paragraphs 1 through 62.

64.    Defendant admits the allegations contained in paragraph 64 of the Complaint.

65.    Defendant denies the allegations contained in paragraph 65 of the Complaint, except to admit that Mr. Beyah was hired as a Band II Senior Analyst at an initial salary of $92,484.00.

66.    Defendant denies the allegations contained in paragraph 66 of the Complaint. Defendant avers that Mr. Beyah would have had to compete for a permanent appointment at a Band higher than Band II and at a greater salary than the salary at which he was hired.

67.    This paragraph contains conclusions of law, not averments of fact, to which no

response is required; to the extent a response is required, denied.

68.     Defendant admits that plaintiff was hired at the Band II level with an initial salary of $92,484.00.  The remaining allegations of this paragraph contain conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

69.     This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

70.     This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of plaintiff's prayer for relief to which no response is required.  To the extent a response is required, defendant states that plaintiff is not entitled to the relief requested or to any relief whatsoever.  Defendant further avers that any award of compensatory damages for Plaintiff's Title VII claim would be subject to and limited by § 42 U.S.C. § 1981a and that exemplary damages may not be awarded in this action.

All allegations contained in the Complaint not heretofore specifically admitted, modified or denied are hereby generally denied as completely as if separately and specifically denied.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff may have failed to exhaust his administrative remedies and his filing may be untimely.

## THIRD DEFENSE

Defendant reserves the right to assert affirmatively any other defense that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c)

**WHEREFORE**, Defendant requests that the Court dismiss the Complaint and award Defendant such other relief as the Court may deem appropriate, including costs.

Respectfully submitted,

/s/ Jeffrey A. Taylor
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson
_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Sara R. Cytron
Senior Attorney
United States Government
Accountability Office
Office of the General Counsel
441 G Street, N.W.
Room 7838
Washington, DC 20548