IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR BEYAH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID M. WALKER, )<br>Comptroller General of the )<br>United States, )<br>)<br>Defendant. )<br>) | Civil Action No. 07-109 (ESH) |

**JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE**

The parties have conferred in accordance with LCvR 16.3. Pursuant to the rules of this Court, the parties submit this report regarding the issues set forth in LCvR 16.3.

The parties submit the following statement of the case: Plaintiff Omar Beyah alleges employment discrimination claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16. Specifically, plaintiff contends that he suffered discrimination on the basis of his race and sex when he was terminated from his employment as a Band II Senior Analyst with the Government Accountability Office ("GAO") effective October 18, 2004. Plaintiff states he suffered further discrimination on the basis of his race at the time he was hired because he qualified for appointment at a Band higher than Band II, and at a salary greater than that which he received. Plaintiff further contends that he was retaliated against on account of his protected activities.

Defendant asserts that plaintiff was terminated on the basis of his poor work performance, not because of his race or sex. Defendant avers that plaintiff would have had to compete for a permanent appointment at a Band higher than Band II and at a greater salary than

the salary at which he was hired. Thus, plaintiff's appointment to the Band II level was not discriminatory. Furthermore, Defendant contends that plaintiff was not retaliated against at any time for engaging in protected activities.

1. Resolution by Dispositive motion: Plaintiff takes the position that this case is unlikely to be resolved on summary judgment or other dispositive motion. Defendant believes that a dispostive motion may be appropriate after discovery.

2. Joinder/Amendment/Narrowing: Neither party anticipates the necessity to join third parties or to amend the pleadings.

3. Assignment To Magistrate Judge: Defendant does not consent to assignment of this case to a magistrate judge for all purposes. Plaintiff is prepared to consider such an assignment if defendant's position changes.

4. Settlement Possibility: Plaintiff believes that settlement discussions could bring about a resolution of this case and is prepared to engage in them at any time defendant is amenable. Defendant does not believe that settlement discussions are warranted until after the parties have engaged in some discovery.

5. Alternative Dispute Procedures: At this time, Defendant does not believe that the case could benefit from the Court's ADR process. Plaintiff believes that ADR would be beneficial to this case at any juncture of the litigation.

6. Resolution on Summary Judgment: Defendant expects to file a dispositive motion upon the close of discovery in this case. The parties agree that any post-discovery dispositive motion should be filed within 60 days after the close of discovery, that any opposition to that motion should be filed within 45 days of the filing of the dispositive motion, and that any reply to the opposition should be filed within 14 days of the filing of the opposition.

7. <u>Initial Disclosures</u>: The parties have agreed to make their initial disclosures required by the Federal Rules of Civil Procedure within 30 days after the Court issues a scheduling Order after the initial conference.

Plaintiff proposes that the parties provide either addresses at which individuals disclosed pursuant to Rule 26(a)(1)(A) can be served or their home addresses and telephone numbers, and that the parties serve copies of all documents identified in disclosures that are not known to be in the possession of the adversary party, in order to dispense with unnecessary discovery.

Defendant contends that the business addresses and telephone numbers of persons identified in disclosures should be provided and that production of documents should be made in accordance with a properly submitted discovery request. Defendant notes that there is a thorough administrative file pertaining to this matter, which plaintiff already has in his possession.

8. <u>Discovery</u>: The parties agree that the Court should allow 5 months for discovery in this case from the date that the parties make initial disclosures. The parties agree that the Court should set a discovery schedule for this case, and that discovery should proceed in accordance with the attached proposed Scheduling Order. The parties also agree that written interrogatories should be limited to 25 requests and that the parties should be limited to 10 depositions each, absent agreement of the parties or Order of the Court. The parties agree that a protective order will be necessary at some point in this litigation in order to protect documents covered by the Privacy Act, 5 U.S.C. §552a; confidential medical records; and any other confidential documents and information.

9. <u>Experts</u>: The parties agree that expert disclosures, if any, will be made in accordance with the schedule provided under Federal Rule of Civil Procedure 26(a)(2)(c), and that, if experts are designated, they be deposed at mutually agreeable dates and times after disclosures are made.

10. <u>Class Action Procedures</u>:  Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: The parties do not see any need for bifurcation at this time.

12. <u>Proposed Date For The Pretrial Conference</u>: The parties agree that a status conference should be scheduled after the close of discovery.  The parties agree that if a dispositive motion is filed, a pretrial and trial schedule should be set within 60 days following the ruling on such motion, subject to the Court's approval and availability.

13. <u>Trial Date</u>: The parties agree that a firm trial date should be set when the Court issues a pretrial and trial schedule.

14. <u>Other Matters:</u> Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure, of information covered by the Privacy Act, 5 U.S.C. § 552a, and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of this litigation that are not presently foreseen.

Respectfully submitted,

  /s/ Robert C. Seldon
Robert C. Seldon, Esq., D.C. BAR # 245100
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, DC 20004
(202) 955-6968

COUNSEL FOR PLAINTIFF


   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR BEYAH, )<br>　　　　Plaintiff, )<br>　　v. )<br>DAVID M. WALKER, )<br>Comptroller General of the )<br>United States, )<br>　　　　Defendant. ) | Civil Action No. 07-109 (ESH) |

### [PROPOSED] INITIAL SCHEDULING ORDER

UPON CONSIDERATION of the parties' Joint Report of Local Rule 16.3 Conference and the entire record herein, it is this ____ day of _____, 2007 hereby,

ORDERED that the parties shall abide by the following dates, deadlines and limitations:

Initial disclosures will be made within 30 days after the issuance of this Order.

[Plaintiff's proposal: The parties will provide either addresses at which individuals disclosed pursuant to Rule 26(a)(1)(A) can be served or their home addresses and telephone numbers, and the parties will serve copies of all documents identified in disclosures that are not known to be in the possession of the adverse party].

Parties are limited to ten depositions and 25 discrete interrogatories, absent their agreement or Order of the Court.

Close of all discovery shall be 150 days from the date of this Order.

Deadline for filing dispositive motions is 60 days after the close of discovery. Oppositions to dispositive motions shall be filed within 45 days after the filing of the dispositive motions, and any replies shall be filed within 14 days after the filing of the oppositions.

A post-discovery status conference is hereby scheduled for _____ \_\_\_, 2007.

A Pretrial and Trial Scheduling Conference shall be held 60 days after the Court rules on post-discovery dispositive motions, subject to the Court's availability.

IT IS SO ORDERED.

Date: _____

_____
UNITED STATES DISTRICT JUDGE