UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 25 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OMAR BEYAH, )
　 )
Plaintiff, )
　 )   C.A. No. 07-0109 (ESH)
v. )
　 )
DAVID M. WALKER, )
Comptroller General )
of the United States, )
　 )
Defendant. )
_____)

## STIPULATED PRIVACY ACT AND PROTECTIVE ORDER

This is an action in which Plaintiff alleges that Defendant discriminated and retaliated against him in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16. Each party anticipates seeking and/or disclosing personnel, medical, and other records that are likely to contain confidential information, including, but not limited to, information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, the Health Insurance Portability and Protection Act, and information that may otherwise be subject to confidential treatment. Although Defendant, the General Accountability Office ("GAO") is not subject to the provisions of the Privacy Act, pursuant to 4 C.F.R. Pt. 83 ("Privacy Procedures for Personnel Records"), GAO conducts its activities in conformance with the spirit of the Act.

Thus, in order to permit the parties to discover and disclose information relevant to this case without further disclosing confidential information, and pursuant to Rule 26 of the Federal

1

Rules of Civil Procedure, the parties agree and it is hereby:

ORDERED that, pursuant to this Protective Order, counsel for Defendant is authorized, pursuant to 5 U.S.C. § 552a(b)(1) and consistent with 28 C.F.R. § 16.23, to release to counsel for Plaintiff information otherwise protected by the Privacy Act without obtaining prior written consent of the individuals to whom such records pertain provided that such information is reasonably related to this litigation. Nothing in the Protective Order is intended to limit or preclude in any way Defendant's rights to access and review documents containing Privacy Act information.

IT IS FURTHER ORDERED, that the parties hereby stipulate to the entry of a Protective Order as follows:

Whenever counsel for any party believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed information which may be within the scope of the provisions of the Privacy Act or may contain other types of confidential information, the following procedures shall be followed:

1.) Counsel for the party producing records containing confidential information shall designate the information as subject to this Order by letter or by marking documents containing such information with the notation "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL." Either party designating material as protected hereunder represents that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection. In designating such materials, counsel shall specifically include as confidential those materials specified in Local Civil Rule 5.4(f) and this Court's "Notice Regarding Privacy and Public Access to Electronic Case Files," dated September 2004 (available at

www.dcd.uscourts.gov/civil-privacy.pdf). Upon request from the other party, counsel for the producing party will promptly explain its basis for designating material as being subject to the Protective Order. Either party's counsel may, at any time, object to the designation of material as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected.

2.) The parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts containing information subject to this order with the Clerk. Documents and information identified in accordance with paragraph 1 of this Protective Order shall be kept in strict confidence according to the terms of this Order and used exclusively in connection with this litigation.

3.) If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of records that have been designated as subject to this Order pursuant to paragraph one, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraph one of this Consent Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, and the words

"under seal." Nothing in this Protective Order should be taken as limiting the right of any party to offer documents and information covered by this Order into the record of this action in redacted form that deletes individually identifying information and from which the identity or identities of individual persons cannot be determined.

4.) The right of access to all records designated "CONFIDENTIAL" under this Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to the parties, counsel for the parties (including agency counsel), consultants to the parties, paralegals, interns and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court. Defendant's right of access to all records of plaintiff designated "CONFIDENTIAL MEDICAL" under this Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to counsel for the defendant (including agency counsel), consultants to the parties, paralegals, interns and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. No officials or employees of Defendant, except for agency counsel and any other person mutually authorized by all counsel, shall have access to plaintiff's records designated "CONFIDENTIAL MEDICAL," although the Court will upon request reconsider such access for a limited number of agency officials at a time when defendant believes such access has become necessary for purposes of considering settlement or otherwise.

5.) Except as provided herein, no person having access to records designated as subject to this Order shall reveal to any person not named in paragraph 4 any information

contained in such material without further Order of the Court or stipulation of the parties.

6.) All documents and copies of documents designated as subject to this Order shall be destroyed or returned to counsel for the producing party within sixty (60) days of the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, the destroying party's counsel shall so notify opposing counsel in writing. However, Defendant shall be able to retain one copy of any medical files already located in the litigation files of the Office of the General Counsel that had been obtained prior to the initiation of this litigation.

7.) Nothing contained in this Order shall be construed as precluding Plaintiff or Defendant from introducing materials that are subject to this Order, or the contents thereof, into evidence at the trial of this case. If however, these documents are to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected.

8.) Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel or by an Order of the Court. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

9.) This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order.

10.) Each person to whom records or information designated as "CONFIDENTIAL" or "MEDICAL CONFIDENTIAL" under this Protective Order is revealed shall sign and date a copy affirming that they have read and agree to be bound by the terms of this Protective Order. Counsel of record for each party shall retain those signed copies, which shall not be provided to

the adverse party.

| Respectfully submitted,<br><br>/s/<br>_____<br>Robert C. Seldon, Esq.<br>D.C. Bar No. 245100<br><br><br>/s/<br>_____<br>Jennifer R. Amore, Esq.<br>  Admitted Pro Hac Vice<br>1319 F Street, N.W. Suite 305<br>Washington, D.C. 20004<br>Tel. (202) 955-6968<br><br><br>Counsel for Plaintiff | Respectfully submitted,<br><br>/s/<br>_____<br>Jeffrey A. Taylor, Esq.<br>D.C. Bar No. 498610<br>UNITED STATES ATTORNEY<br><br>/s/<br>_____<br>Rudolph Contreras, Esq.<br>D.C. Bar No. 434122<br>Assistant United States Attorney<br><br>/s/<br>_____<br>Michelle N. Johnson, Esq.<br>D.C. Bar No. 491910<br>Assistant United States Attorney |
|  | 555 Fourth Street, N.W., E-4212<br>Washington, D.C. 20530<br>Tel. (202) 514-7139<br>Fax (202) 514-8780<br><br>Attorneys for Defendants |

SO ORDERED:

_Ellen S Huvelle_
UNITED STATES DISTRICT JUDGE

Date: 7/24/07