## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR N. BEYAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **Civil Action No. 07-109 (ESH/DAR)** |
| v. | ) |
| | ) |
| DAVID M. WALKER, | ) |
| Comptroller General of | ) |
| the United States, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

## MOTION TO QUASH THE SUBPOENA SERVED ON PERSONNEL APPEALS BOARD ATTORNEY DIANE WILLIAMS AND FOR A PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 45(c) and 26(c), the Government Accountability Office's ("GAO") Personnel Appeals Board ("PAB"), by and through the undersigned attorneys, respectfully moves this Court to quash the subpoena that has been served on PAB attorney Diane Williams and for entry of a protective order prohibiting discovery from the PAB. In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is also attached hereto.

RESPECTFULLY SUBMITTED,



/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
MICHELLE N. JOHNSON, D.C. Bar #491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW – Room E4212
Washington, DC 20530
Telephone: 202-514-7139
Michelle.Johnson@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OMAR N. BEYAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **Civil Action No. 07-109 (ESH/DAR)** |
| v. | ) |
| | ) |
| DAVID M. WALKER, | ) |
| Comptroller General of | ) |
| the United States, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| _____ | ) |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH THE SUBPOENA**</u>
<u>**SERVED ON PERSONNEL APPEALS BOARD ATTORNEY DIANE WILLIAMS**</u>
<u>**AND FOR A PROTECTIVE ORDER**</u>

On August 1, 2008, counsel for plaintiff, Omar N. Beyah, served a subpoena and notice of deposition on Personnel Appeals Board ("PAB") attorney Diane Williams, a non-party to this action. Ex. 1, Letter to Anne Wagner from Robert C. Seldon dated August 1, 2008 (enclosing subpoena and notice of deposition). The subpoena directed Ms. Williams to appear for her deposition on August 18, 2008, at 9:30 a.m., and included a command to produce documents.[1]

_____

[1] In a letter dated August 12, 2008, counsel for the PAB informed plaintiff's counsel that the PAB intended to move to quash the subpoena directed to Ms. Williams. Ex. 2, Letter to Robert C. Seldon dated August 12, 2008. Subsequently, on August 19, 2008, counsel had a call with the Court during which time it was agreed that the motion to quash would be filed no later than September 2, 2008, which the Court subsequently extended by granting undersigned counsel's motion for a one-day extension of time. In the event the Court determines that Ms. Williams can be deposed in this case, counsel will confer regarding acceptable

The subpoena directed to Ms. Williams should be quashed and a protective order should be granted barring her deposition for several reasons.  First, permitting Ms. Williams to be deposed concerning her role in interviewing witnesses as part of the PAB Office of the General Counsel's ("OGC") investigation into plaintiff's allegations would violate the attorney-work product doctrine as it would provide Ms. Williams' mental impressions and conclusions concerning witnesses who were interviewed in relation to plaintiff's charge of discrimination.  Second, testimony by Ms. Williams concerning the PAB/OGC's investigation and her preliminary thoughts and impressions are protected by the deliberative process privilege.  Third, the testimony and documents that plaintiff seeks are irrelevant, duplicative, and can easily be obtained from other sources.  And fourth, there is good cause for a protective order in this case because producing the information would cause undue burden on the PAB/OGC. Accordingly, the PAB moves to quash the subpoena that was served on Ms. Williams and seeks a protective order prohibiting Ms. Williams from being deposed and from requiring her to produce documents responsive to Plaintiff's request.

## **FACTUAL BACKGROUND**

### **The Purpose of the PAB General Counsel**

In 1980, Congress enacted the General Accounting Office

---

dates for the deposition to occur.

Personnel Act, Pub. L. 96-191 (GAOPA), which established an
independent personnel system for the General Accounting Office
(now called the Government Accountability Office).  Declaration
of Anne M. Wagner ("Wagner Decl.") ¶ 2.  In doing so, Congress
created the GAO Personnel Appeals Board ("PAB") and empowered it
with jurisdiction over a broad range of employment and labor-
related claims arising under GAO's personnel system.  Id. (citing
31 U.S.C. § 753).  Although PAB members are appointed by the
Comptroller General, they serve a five-year nonrenewable
statutory term and may be removed from office only for cause by a
majority of the members of the Board.  Id. (citing 31 U.S.C. §
751(d)).  Final decisions of the PAB are judicially reviewed by
the United States Court of Appeals for the Federal Circuit.  Id.
(citing 31 U.S.C. § 755).

     The PAB General Counsel is appointed by, and serves at the
pleasure of, the Chair of the PAB.  Id. ¶ 3 (citing 31 U.S.C. §
752(b)).  The PAB General Counsel has the statutory duty to
investigate matters that fall under the Board's jurisdiction and
to otherwise "help the Board carry out its duties and powers."
Id. (citing 31 U.S.C. § 752(b)(3)).

     A person may initiate a PAB/OGC investigation by filing a
charge with the office.  Id. (citing 4 C.F.R. § 28.11).  If, upon
completion of the investigation, the General Counsel finds that
there are reasonable grounds to believe that a person's rights

3

under the GAO Personnel Act have been violated, then the PAB
General Counsel must offer to represent the person in
adjudicating the claims before the PAB.  Id. (citing 4 C.F.R. §
28.12(d)(1)).  Consequently, when, as in this case, a person
files a PAB charge, the only purpose of the ensuring
investigation is to determine whether to offer to represent the
party in litigating his or her claims before the PAB.  Id.

Upon receipt of a charge challenging a proposed personnel
action, the PAB General Counsel may request from the PAB an *ex
parte* initial stay of the proposed personnel action for a period
not to exceed thirty days if there is reason to believe that the
action arises out of a prohibited personnel practice.  Id. ¶ 4.
The PAB General Counsel may thereafter seek an additional
temporary stay "for the purpose of allowing additional time to
pursue its investigation."  Id. (citing 4 C.F.R. § 28.133(b)(1)).

### The PAB/OGC's Investigation of
### Plaintiff's Charge of Discrimination

On August 12, 2004, Plaintiff in this case filed a charge
with the PAB Office of General Counsel (PAB/OGC) challenging
GAO's proposal to terminate his employment.  Id. ¶ 5.  Plaintiff
alleged that the action to terminate his employment was the
result of unlawful discrimination on the basis of his race and
sex.  Id.  Plaintiff also contended that the decision was a
prohibited personnel practice insofar as it was based on non-
merit factors and violated laws and regulations governing GAO

4

employee performance assessment. <u>Id.</u> Plaintiff subsequently amended his charge to reflect his receipt of a letter from GAO notifying him that he would be terminated from GAO effective September 10, 2004, and to include an allegation of discrimination on the basis of age. <u>Id.</u>

PAB Senior Trial Attorney Diane R. Williams was assigned to investigate Plaintiff's PAB charge. <u>Id.</u> ¶ 6. As part of her investigation, Ms. Williams reviewed documents and interviewed individuals concerning Plaintiff's charge of discrimination. <u>Id.</u> The purpose of Ms. Williams' investigation was to provide the then-General Counsel with a report regarding whether there were reasonable grounds upon which to believe that Plaintiff's rights had been violated such that the General Counsel would be required to offer to represent him before the PAB. <u>Id.</u>

In order to further its investigation into Plaintiff's complaint, on September 7, 2004, Ms. Williams, on behalf of the PAB/OGC, requested an initial *ex parte* stay of Plaintiff's impending termination. <u>Id.</u> ¶¶ 7, 8. The PAB granted this request. <u>Id.</u> ¶ 7. On September 29, 2004, the PAB/OGC requested a "further temporary stay" of an additional twenty-one days to ensure a "full and fair investigation of the claims raised . . ." by Plaintiff's complaint. <u>Id.</u> The PAB partially granted this request, and extended the stay until October 18, 2004. <u>Id.</u>

On October 21, 2004, PAB/OGC received written notification

that Plaintiff had authorized the law firm of Swick & Shapiro, P.C., to represent him in connection with the PAB charge he had filed on August 12, 2004. <u>Id.</u> ¶ 9. On December 17, 2004, before Ms. Williams had concluded her investigation, counsel from Swick & Shapiro notified the PAB/OGC that Plaintiff had authorized the law firm to "withdraw the charge without prejudice." <u>Id.</u> ¶ 10. Thereafter, in a letter dated December 21, 2004, the PAB/OGC notified Plaintiff's attorneys and the GAO that the matter was closed effective December 17, 2004. <u>Id.</u> ¶ 11.

At all times relevant to this matter, the PAB General Counsel and PAB/OGC staff acted solely in an investigational capacity. <u>Id.</u> ¶ 12. This investigation concluded without any determination by the PAB General Counsel that Plaintiff's rights had been violated by the GAO's decision to terminate his employment. <u>Id.</u> Absent such a determination, neither the PAB General Counsel nor anyone employed within the PAB/OGC had authority to act in a representational capacity with regard to Plaintiff's claims. <u>Id.</u> (citing 4 C.F.R. § 28.12(d)).

At all times relevant to this matter, PAB Senior Trial Attorney Diane Williams was acting pursuant to the PAB General Counsel's investigative authority, and her knowledge of any claims or issues in the above-captioned matter constitutes the PAB/OGC's attorney work product. <u>Id.</u> ¶ 13. Furthermore, by regulation, documents and information obtained during a PAB

General Counsel investigation are protected against disclosure and, unless "so ordered by a court of competent jurisdiction, no employee of the Personnel Appeals Board Office of the General Counsel shall produce or disclose any information or records acquired as part of the performance of his/her official duties or because of his/her official status." Id. ¶ 14 (citing 4 C.F.R. § 28.12(i)(2)).

### The Current Litigation

The underlying litigation in this matter concerns a suit brought by the Plaintiff in which he alleges that he was discriminated against on the basis of his race and sex in violation of Title VII. See generally Complaint ("Compl."). Specifically, Plaintiff contends he was hired as a Band II analyst in the GAO's Physical Infrastructure Team although he qualified for a Band III position. Id. Plaintiff further alleges that he was subsequently terminated from his employment based on his race and sex. Id.

Discovery has been ongoing since October, 2007. Plaintiff has deposed most of the relevant agency personnel who were directly involved in the employment actions at issue.[2] On August 1, 2008, counsel for Plaintiff served Anne Wagner, General

_____

[2]Plaintiff has scheduled additional depositions for September 5, 8, and 12. Discovery is scheduled to close in this matter on September 12, 2008, and the parties have a post-discovery status conference scheduled with the Honorable Ellen Segal Huvelle on September 25, 2008.

Counsel for the PAB, with a subpoena and notice of deposition directing Ms. Williams to appear for a deposition on August 18, 2008.  See Ex. 1.  In the accompanying cover letter attached to the subpoena, Plaintiff's counsel explained Plaintiff's rationale for requesting Ms. Williams' deposition:

> Mr. Beyah pursued a complaint before the Personnel Appeals Board in 2004, Docket No. 04-03.  In accordance with 4 C.F.R. § 2812 [sic][3], your organization, through Diane Williams, Esq., represented Mr. Beyah in seeking stays from the PAB.  Mr. Beyah is entitled to the information and documents that Ms. Williams garnered during her assignment, as well as to any opinions, findings and conclusions that may not have been reduced to paper, <u>because Ms. Williams represented Mr. Beyah. For the same reason</u>, there cannot be any claim of privilege interposed against producing Ms. Williams or providing relevant documents.

Ex. 1 (Letter dated Aug. 1, 2008), at 1 (emphasis added). Plaintiff further described his need for Ms. Williams deposition, stating: "With the resources of your office, Ms. Williams was able to garner many facts and documents and to interview many witnesses that are simply not available to an individual Plaintiff, like Mr. Beyah."  <u>Id.</u> at 2.  Attached to the subpoena and notice of deposition was a request for documents seeking all documents within the possession of the Office of the General Counsel's office relating, in whole or in part, to Plaintiff, PAB Docket No. 04-03, any inquiry/investigation into Plaintiff, his termination, or his employment, and any negotiation, or

---

[3]The proper citation is 4 C.F.R. § 28.12.

alternative dispute resolution concerning Plaintiff or PAB Docket No. 04-03. Ex. 1, Attachment A.

**ARGUMENT**

I.   **THE SUBPOENA SHOULD BE QUASHED BECAUSE TESTIMONY CONCERNING ATTORNEY WILLIAMS' MENTAL IMPRESSIONS AND THEORIES ARE PRIVILEGED.**

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that a court "<u>must</u> quash or modify a subpoena that . . . . requires disclosure of privileged or other protected matter . . . ." (emphasis added). In this case, there are two separate privileges that require this Court to quash the subpoena directed to Ms. Williams: the attorney work product doctrine and the deliberative process privilege.

A.   **Ms. Williams' Testimony is Barred by the Attorney Work Product Doctrine.**

It is axiomatic that an attorney's legal theories, mental impressions and thought processes are subject to protection pursuant to the attorney work product doctrine and cannot be inquired into as a matter of course. <u>United States v. Nobles</u>, 422 U.S. 225, 237-238 (1975); <u>Hager v. Bluefield Regional Medical Ctr., Inc.</u>, 170 F.R.D. 70, 76 (D.D.C. 1997). <u>See also</u> <u>Hickman v. Taylor</u>, 329 U.S. 495, 511 (1947); <u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323, 1327 (8th Cir. 1987) ("The work-product doctrine not only protects from discovery materials obtained or prepared in anticipation of litigation, but also the attorney's mental impressions, including thought processes, opinions,

9

conclusions, and legal theories.") (citing <u>Hickman</u>, 329 U.S. at 511) (other citations omitted).

As the Supreme Court has held, the purpose of the work product doctrine is to ensure that "a lawyer [can] work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel," and to allow attorneys to "assemble information, sift what [they] consider [ ] to be the relevant from the irrelevant facts, prepare [their] legal theories and plan [their] strateg[ies] without undue and needless interference." <u>Hickman</u>, 329 U.S. at 510-11. <u>See also</u> <u>In re Sealed Case</u>, 856 F.2d 268, 273 (D.C. Cir. 1988) ("The work product doctrine reflects the strong public policy against invading the privacy of an attorney's course of preparation.") (citing <u>Hickman</u>, 329 U.S. at 510).

In this case, any testimony by attorney Williams concerning "any opinions, findings and conclusions that may not have been reduced to paper . . . [,]" Ex. 1 at 1, will undoubtedly violate the tenets of the attorney-work product doctrine.[4]  Work product

---

[4]There is simply no merit to Plaintiff's misinformed assertion that Ms. Williams represented him. <u>See</u> Ex. 1. As clearly set forth in the PAB/OGC regulations, it is only if the General Counsel determines that there are reasonable grounds to believe the charging party's rights have been violated that the General Counsel "shall represent the charging party . . . ." 4 C.F.R. § 28.12(d)(1). In this case, because Plaintiff determined that he wanted to withdraw his charge prior to the conclusion of Ms. Williams' investigation, no determination of whether his rights had been violated was ever made, and thus Ms. Williams <u>never</u> represented him.  Wagner Decl. ¶¶ 10-12.

clearly encompasses an attorney's "interviews, statements, memoranda, correspondence, briefs, <u>mental impressions, personal beliefs</u>, and countless other tangible and intangible ways . . . ." <u>Hickman</u>, 329 U.S. at 511 (emphasis added); <u>see also</u> <u>In re Sealed Case</u>, 856 F.2d at 273 (concluding that attorneys' mental impressions of witness interviews and recollections of the interviews, which were conducted in anticipation of litigation, were protected attorney work product).

In sum, attorney Williams is not an appropriate witness for oral deposition in this case because all of the information to be sought from her, <u>i.e.</u>, testimony concerning her "opinions, findings and conclusions," are protected by the attorney work-product doctrine.  No final determination was ever made regarding Plaintiff's charge, Wagner Decl. ¶ 11, and thus any thoughts, mental impressions, or opinions formed by Ms. Williams and the PAB/OGC were part of their investigation into Plaintiff's allegations for the sole purpose of determining whether to offer Plaintiff representation.  <u>Id.</u> ¶ 6.  Therefore, any effort to obtain Attorney Williams' mental impressions and thoughts as they relate to the PAB General Counsel's investigation into the facts underlying Plaintiff's complaint of discrimination must fail because any investigation performed by Ms. Williams was solely in contemplation of litigation – i.e., representation of Plaintiff before the PAB.  Accordingly, the Court should quash the subpoena

that has been directed to Ms. Williams to avoid any risk that she
might divulge protected information she has obtained solely in
her role as the PAB/OGC attorney who investigated Plaintiff's
charge of discrimination.

**B.    The Deliberative Process Privilege Protects Testimony
Concerning the PAB/OGC's Investigation.**

The deliberative process privilege is a well-established
privilege unique to government entities that acknowledges the
need for government officials to engage in frank and uninhibited
discussion of agency matters.  NLRB v. Sears, Roebuck & Co., 421
U.S. 132, 151 (1975); Judicial Watch, Inc. v. U.S. Dep't of
Commerce, 90 F. Supp. 2d 9, 14 (D.D.C. 2000) ("the privilege
protects candid discussions within an agency); Cofield v. City of
LaGrange, 913 F. Supp. 608, 615 (D.D.C. 1996) ("The deliberative
process privilege . . . is well established in the law.").  The
deliberative process "privilege is predicated on the recognition
that the quality of administrative decision-making would be
seriously undermined if agencies were forced to operate in a fish
bowl."  Judicial Watch, Inc., 90 F. Supp. 2d at 13-15 (quoting
Dow Jones & Co. v. U.S. Dep't of Justice, 917 F.2d 573 (D.C. Cir.
1990)).

The deliberative process privilege protects documents and
testimony that are both pre-decisional and deliberative.  Coastal
States Gas Corp. v. U.S. Dep't of Energy, 617 F.2d 854, 866 (D.C.
Cir. 1980) ("In deciding whether a document should be protected

by the privilege we look to whether the documents is 'predecisional' whether it was generated before the adoption of an agency policy and whether the document is 'deliberative' whether it reflects the give-and-take of the consultative process."); Walker v. NCNB Nat'l Bank, 810 F. Supp. 11, 14 (D.D.C. 1993) (applying privilege to preclude testimony concerning the manner by which the EEOC arrived at its decision to issue a letter finding reasonable cause to suspect that Plaintiff had been subjected to discrimination).  See also Judicial Watch, Inc., 90 F. Supp. 2d at 14 ("To prove the applicability of the deliberative process privilege, an agency must show that the information sought is predecisional and deliberative.") (citing Access Reports v. U.S. Dep't of Justice, 926 F.2d 1192, 1194 (D.C. Cir. 1991)).

The type of materials protected under the privilege include "advisory opinions, recommendations, and deliberations comprising a part of a process by which governmental decisions and policies are formulated." Judicial Watch, Inc., 90 F. Supp. 2d at 13-15 (citation omitted).  Thus, drafts, analyses, recommendations, proposals, internal deliberations and discussions, commentary, candid personal comments and the like are included within the scope of the deliberative process privilege.  Sierra Club v. U.S. Dep't of Interior, 384 F. Supp. 2d 1, 18-19 (D.D.C. 2004). Furthermore, an agency need not identify a final agency decision

13

taken, if any, in connection with a pre-decisional, deliberative
document.  <u>Judicial Watch</u>, 90 F. Supp. 2f at 14 ("[A]n agency
need not identify a specific final agency decision.  Instead, it
is sufficient to establish 'what deliberative process is
involved, and the role played by the documents in issue in the
course of that process.'") (quoting <u>Coastal States Gas Corp.</u>, 617
F.2d at 868).

When a government agency asserts the deliberative process
privilege courts in this circuit have required that the agency
produce a privilege log along with (1) a declaration by an agency
official having control over the requested information asserting
a formal claim of privilege; (2) assertion of the privilege based
on actual personal consideration by that official; and (3) a
detailed specification of the information for which the privilege
is claimed along with an explanation regarding why the
information falls within the scope of the privilege.  <u>Landry v.
FDIC</u>, 204 F.3d 1125, 1135 (D.C. Cir. 2000); <u>In re Sealed Case</u>,
856 F.2d at 271.  To overcome the privilege, "the party seeking
disclosure must show that the interests in disclosure outweigh
the interests in non-disclosure."  <u>Walker</u>, 810 F. Supp. at 14
(citation omitted).

In this case, the agency has properly asserted the privilege
to protect any testimony concerning Ms. Williams' and other
PAB/OGC attorneys' deliberations concerning Plaintiff's charge of

discrimination.[5]  Anne Wagner, the General Counsel of the PAB, has submitted a declaration explaining that she has further considered Plaintiff's request and determined that conversations Ms. Williams may have had concerning Plaintiff's charge of discrimination were solely part of the PAB/OGC's deliberative process in determining whether Plaintiff's rights had been violated.  Wagner Decl. ¶ 14.  In addition, Ms. Wagner has concluded that disclosure of these communications could impair the free exchange of opinions, thoughts and impressions among PAB/OGC attorneys, and could thereby impair the PAB/OGC's role in investigating charges of discrimination.  Id.

It is readily apparent that Plaintiff's intent in subpoenaing Ms. Williams is to uncover any pre-decisional deliberations or views held by the PAB/OGC concerning the potential merits, or lack thereof, of Plaintiff's charge of discrimination.  In the context of a similar case, another court in this district has recognized the necessity of shielding such testimony.  In Walker, 810 F. Supp. at 11, the court held that an Equal Employment Opportunity Commission ("EEOC") investigator's testimony concerning the basis for the agency's issuance of a letter of determination finding that there was reasonable cause to believe an employee had been discriminated against by his

_____

[5]Because there are no documents that fall within this privilege, no privilege log has been submitted.

15

employer was protected from disclosure under the deliberative
process privilege.  The court first concluded that the
information "relates directly to the manner by which the EEOC
arrived at the decision to issue the Letter finding reasonable
cause to suspect that the Plaintiff in this case was subjected to
discrimination[,]" and therefore, there was no "dispute that the
material sought is a product of deliberative process."  <u>Id.</u> at
14.  Furthermore, in finding that the EEOC's interest in
protecting this information outweighed the Plaintiff's need for
the information, the court held that:

> [t]he EEOC has a strong interest in keeping its
> investigations confidential.  The threat of disclosure
> may discourage free deliberations on pending charges.
> Furthermore, 'the often sensitive nature of allegations
> of discrimination requires a certain measure of
> confidentiality of EEOC investigations so that the agency
> may effectively perform its function.'

<u>Id.</u> at 14 (citation omitted).  Further weakening the Plaintiff's
claim for the material was the fact that the EEOC's role in the
litigation was "minimal" and the "Letter, by itself, does not
subject the Defendant to liability.  The EEOC has no direct
involvement in the suit with the exception of the instant dispute
regarding . . . [this] deposition."  <u>Id.</u>

Here, as in <u>Walker</u>, the PAB/OGC's need for confidentiality
concerning the manner in which it conducts its investigations,
and any discussions Ms. Williams may have had concerning her
findings and conclusions, should be protected under the

deliberative process privilege.  Plaintiff's need for this information, assuming there is any, is minimal compared to the PAB/OGC's interest in having free and open deliberations concerning the charges of discrimination it is entrusted with investigating.  See Wagner Decl. ¶ 14.  Accordingly, this Court should hold that Ms. Williams' testimony concerning her deliberations concerning Plaintiff's charge of discrimination are shielded from disclosure by the deliberative process privilege.

**II.  The Evidence Plaintiff Seeks is Irrelevant and Duplicative.**

The Court should further preclude the discovery Plaintiff seeks because it is completely irrelevant.  "Although the standard for discovery is a broad one, it is not boundless." E.E.O.C. v. District of Columbia Public Schools, 217 F.R.D. 12, 14 (D.D.C. 2003) (citing Fed. R. Civ. P. 26(b)(1)).  Rather, parties are only entitled to discovery that is "relevant to [a] party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  See also Sparton Corp. V. United States, 44 Fed. Cl. 557, 561 (1999) ("No matter how broadly the rules governing discovery are interpreted, they are not without limitations." ) (citing Hickman, 329 U.S. at 507-08)).

The testimony and documents Plaintiff seeks from Ms. Williams are wholly irrelevant to the matters at issue in this litigation.  Plaintiff cannot explain how Ms. Williams' "opinions, findings and conclusions" will be relevant to his

17

substantive claims in this litigation and in fact, given Ms.

Williams' lack of involvement in <u>any</u> of the actions about which

Plaintiff complains, her testimony simply bears no relevance to

this action.[6]  <u>See, e.g.</u>, <u>John C. Flood v. John C. Flood, Inc.</u>,

No. Civ.A. 06-1311, 2008 WL 281066, at *4 (D.D.C. Feb. 1, 2008)

(granting motion for protective order where "the information

sought is simply not relevant or likely to lead to lead to

relevant evidence . . . ."); <u>EEOC</u>, 217 F.R.D. at 15 (granting

motion for protective order to preclude production of information

that was irrelevant to the Plaintiff's claims).  For these same

reasons, the documents contained in the PAB/OGC file – which

consists of pleadings filed with the Board; discovery requests

sent to GAO; and correspondence with GAO concerning scheduling

matters – Wagner Decl. ¶ 15, are wholly irrelevant to the issues

in this litigation.

Second, the Court "must" limit discovery if it would be

"unreasonably cumulative or duplicative, or can be obtained from

another source."  Fed. R. Civ. P. 26(b)(2)(C)(i); <u>John C. Flood</u>,

---

[6]Notably, because Ms. Williams never concluded her
investigation, there were no "findings or conclusions" that were
made.  Wagner Decl. ¶ 11.  <u>See also</u> 4 C.F.R. § 28.12(c)
("Following the investigation, the Office of General Counsel
shall provide the charging party with a Right to Petition Letter.
Accompanying this letter will be a statement of the General
Counsel advising the charging party of the results of the
investigation.  This statement of the General Counsel is not
subject to discovery and may not be introduced into evidence
before the Board.").

2008 WL 281066, at *4.  Any potentially relevant evidence that
Ms. Williams might be able to provide – such as her recollections
of witness interviews – is duplicative of discovery Plaintiff has
taken (and continues to take) in this case.  Plaintiff has
already deposed five of the persons who had first-hand knowledge
and involvement in the decisions about which he complains, and he
is seeking to depose four additional GAO current and former
employees.  Thus, there is simply no need for testimony by Ms.
Williams about what persons may have told her about Plaintiff
because Plaintiff himself is deposing those same persons.

Finally, pursuant to Fed. R. Civ. P. 26(b)(2)(C)ii), the
Court "must limit the frequency or extent of discovery otherwise
allowed by these rules . . . if it determines that . . . the
party seeking discovery has had ample opportunity to obtain the
information by discovery in the action."  Plaintiff has had
access to all of the witnesses who are relevant in this action
and, aside from the current request, none of Plaintiff's requests
for depositions has been denied or challenged.  Thus there is no
merit to Plaintiff's contention that "Ms. Williams was able to
garner many facts and documents and to interview many witnesses
that are simply not available to an individual Plaintiff, like
Mr. Beyah."  Ex. 1, at 2.

**III. Good Cause Justifies the Entry of a Protective Order.**

There is good cause warranting the entry of a protective

19

order in this case precluding Plaintiff from obtaining testimony or documents from the PAB/OGC.  Pursuant to Federal Rule of Civil Procedure 26(c), the Court is empowered to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ."  Such an order is justified where there is good cause shown.  Id.

"Courts should balance the need for discovery against the burden imposed on the person ordered to produce the documents. . . . Non-party status is one of the factors the court uses in weighing the burden of imposing discovery."  Wyoming v. United States Dep't of Agriculture, 208 F.R.D. 449, 452 (D.D.C. 2005).  In assessing undue burden, the court looks at factors such as relevance, the need for the documents, the breath of the document request, the time period encompassed in the request, and the particularity with which documents are described.  Id.

Production of the evidence Plaintiff seeks is unduly burdensome because the evidence is wholly irrelevant to the issues involved in this litigation.  See supra at 17-18.  Furthermore, Plaintiff's request for documents is unusually broad, seeking "all documents which refer or relate, whether in whole or part" to himself, PAB Docket No. 04-03, any inquiry/ investigation concerning himself or his termination, and any negotiation, mediation or alternative dispute resolution.  See Subpoena, Attachment A.  Finally, and significantly, requiring

20

disclosure of the testimony sought would hamper the PAB/OGC's ability to thoroughly investigate charges of discrimination that it receives because attorneys would be inhibited in the free expression of their ideas, conclusions and concerns regarding those charges.  Wagner Decl. ¶ 15.

Finally, in light of the availability of the evidence that Plaintiff can obtain from GAO - which notably includes the documents related to and the persons directly involved in the employment decision about which he complains – it appears that he has noticed Ms. Williams' deposition in an attempt to harass the PAB General Counsel's office, a non-party to this action.  For all of these reasons, the Court should quash the subpoena that has been directed to Ms. Williams.

**IV.  If Ms. Williams' Deposition is Allowed, it Should Only be by Written Questions and with Other Express Limitations.**

If the Court determines that Ms. Williams should be deposed, the Court can, and should, limit that inquiry.  Pursuant to Federal Rules of Civil Procedure 26(c) and 31, the Court should order that the deposition take the form of written questions rather than an oral examination to avoid the inevitable debate regarding the scope of permissible questioning, valid claims of privilege and the work product doctrine.  Additionally, the Court should establish strict parameters regarding the permissible areas of inquiry and should prohibit questions concerning Ms. Williams or any other PAB/OGC attorney's advice, opinions,

perceptions, or assessments regarding Plaintiff's charge of discrimination.  Notably, given the limited, if any, relevance to this action that Ms. Williams' testimony will have, there is no burden to Plaintiff by requiring that Ms. Williams' be deposed by written questions and it is well within the discretionary authority of this Court to require Plaintiff to proceed in this manner.  See Fed. R. Civ. P. 26(c).

**CONCLUSION**

For the reasons set forth above, the Court should quash the notice of deposition that has been directed to Ms. Williams and, in addition, issue a protective order precluding Plaintiff from deposing Ms. Williams or obtaining any of the PAB/OGC's documents.

RESPECTFULLY SUBMITTED,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


/s/
MICHELLE N. JOHNSON, D.C. Bar #491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW – Room E4212
Washington, DC 20530
Telephone: 202-514-7139
Michelle.Johnson@usdoj.gov

22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Omar Beyah, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-0109 (ESH/DAR) |
| | ) | |
| Gene Dodaro, Acting Comptroller | ) | |
| General, U.S. Government | ) | |
| Accountability Office, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## DECLARATION

I, Anne M. Wagner, hereby declare as follows:

1. I am currently employed as the General Counsel of the Personnel Appeals Board (PAB or Board) of the United States Government Accountability Office (GAO). I have occupied this position since April 3, 2006.

2. In 1980, Congress enacted the General Accounting Office Personnel Act, Pub.L. 96-191 (GAOPA), which established an independent personnel system for the General Accounting Office (now called the Government Accountability Office). In doing so, Congress also created the GAO Personnel Appeals Board and empowered it with jurisdiction over a broad range of employment and labor-related claims arising under GAO's personnel system. 31 U.S.C. §753. Although the PAB members are appointed by the Comptroller General, they serve a five-year nonrenewable statutory term and may be removed from office only for cause and by a majority of the members of the Board. 31 U.S.C. §751(d). Final decisions of the PAB are judicially reviewed by the United States Court of Appeals for the Federal Circuit. 31 U.S.C. §755.

3. The PAB General Counsel is appointed by, and serves at the pleasure of, the Chair of the PAB. 31 U.S.C. §752(b). The PAB General Counsel has the statutory duty to investigate matters under the Board's jurisdiction and otherwise "to help the Board carry out its duties and powers." 31 U.S.C. §752(b)(3). A person may initiate a PAB/OGC investigation by filing a charge with my Office. 4 CFR §28.11. If, upon completion of the investigation, the General Counsel determines that there are reasonable grounds to believe that the person's rights under the GAO Personnel Act have been violated, then the PAB General Counsel must offer to represent the person in adjudicating the claims before the PAB. 4 CFR §28.12(d)(1). Consequently, when, as here, a person files a PAB charge, the only purpose of the ensuing investigation is to determine whether to offer to represent the party in litigating his or her claims before the PAB.

4. Upon receipt of a charge challenging a proposed personnel action, the PAB General Counsel may request from the Personnel Appeals Board an *ex parte* initial stay of a proposed personnel action for a period not to exceed thirty days if there is reason to believe that the action arises out of a prohibited personnel practice. 4 CFR §28.133(a). The PAB General Counsel may thereafter seek an additional temporary stay "for the purpose of allowing additional time to pursue its investigation." 4 CFR §28.133(b)(1).

5. On August 12, 2004, Omar Beyah, filed a charge with the PAB Office of General Counsel (PAB/OGC) challenging GAO's threat to terminate his employment. He alleged that the action was due to unlawful discrimination on the bases of race and sex. He also alleged that the decision constituted a prohibited personnel practice insofar as it was based on non-merit factors and violated laws and regulations governing GAO employee performance assessment. Mr. Beyah subsequently amended his charge to reflect his receipt of a letter from GAO notifying

him that he would be terminated from employment effective September 10, 2004 and to include an allegation of discrimination on the basis of age.

6. PAB Senior Trial Attorney, Diane R. Williams, was assigned to investigate Mr. Beyah's PAB charge. As part of her investigation, Ms. Williams reviewed documents and interviewed individuals concerning Mr. Beyah's charge of discrimination in order to provide the then-General Counsel with a report on whether there were reasonable grounds upon which to believe that Mr. Beyah's rights had been violated such as would require the General Counsel to offer to represent him on these claims before the PAB.

7. On September 7, 2004, the PAB General Counsel requested an initial *ex parte* stay of Mr. Beyah's impending termination in order to further its investigation into his claims that the action was discriminatory and constituted a prohibited personnel practice. The PAB granted this request. On September 29, 2004, the PAB General Counsel requested a "further temporary stay" of an additional twenty-one days to ensure a "full and fair investigation of the claims raised by his case." The PAB partially granted the request in extending the stay until October 18, 2004.

8. Along with the PAB General Counsel, Ms. Williams signed both stay requests in her capacity as a PAB Senior Trial Attorney.

9. The PAB General Counsel received written notification dated October 21, 2004 that Mr. Beyah had authorized the law firm of Swick and Shapiro, P.C. to represent him in connection with the PAB charge filed on August 12, 2004.

10. On December 17, 2004, while Ms. Williams was still conducting the investigation into his charge, the law firm of Swick and Shapiro notified the PAB General Counsel's Office that Mr. Beyah had authorized them to "withdraw the charge without prejudice."

11. In a letter dated December 21, 2004, the PAB General Counsel notified Mr. Beyah's attorneys and GAO that the matter was closed effective December 17, 2004. The PAB/OGC investigation into Mr. Beyah's charge regarding his termination closed without any formal determination by the PAB General Counsel as to whether reasonable grounds existed to believe that his rights under the GAO Personnel Act had been violated.

12. At all times relevant to this matter, the PAB General Counsel and PAB/OGC staff were acting solely in an investigative capacity. The investigation concluded without any determination by the PAB General Counsel that Mr. Beyah's rights had been violated by GAO's decision to terminate his employment. Absent such a determination, neither the PAB General Counsel nor anyone employed within the PAB/OGC had authority to act in a representational capacity with regard to his claims arising out of that decision. *See* 4 CFR §28.12(d).

13. Because PAB Senior Trial Attorney Diane Williams was acting pursuant to the PAB General Counsel's investigative authority at all times relevant herein, her knowledge of any claims or issues in the above-captioned matter constitutes this Office's attorney work product and, as such, I am asserting the attorney work product privilege with regard to any discovery in this case.

14. I have further considered plaintiff's request for testimony and, after discussions with Ms. Williams, have determined that the deliberative process privilege applies to protect conversations Ms. Williams had with her superiors, including the PAB General Counsel, concerning Mr. Beyah's charge of discrimination. These communications were made solely as part of the PAB/OGC's deliberative process in determining whether Mr. Beyah's rights had been violated and were intended to result in a decision regarding whether to offer Mr. Beyah representation. Because Mr. Beyah withdrew his charge of discrimination prior to the time the

4

PAB General Counsel concluded its investigation, no final decision was reached. I have concluded that disclosure of these communications would inhibit the free expression of opinions, conclusions, and concerns by PAB/OGC employees and would thereby impair the PAB/OGC's ability to thoroughly investigate the charges that are presented to it.

15. While preparing this Declaration, I reviewed the PAB/OGC investigatory file generated by Mr. Beyah's charge and found that it included copies of pleadings and motions filed with the Board, information requests submitted to GAO, documents that appear to have been submitted by Mr. Beyah in support of his charge, and correspondence with GAO concerning scheduling of interviews and other administrative matters. By regulation, documents and information obtained during a PAB General Counsel's investigation are protected against disclosure, and unless "so ordered by a court of competent jurisdiction, no employee of the Personnel Appeals Board Office of General Counsel shall produce or disclose any information or records acquired as part of the performance of his/her official duties or because of his/her official status." 4 CFR §28.12(i)(2).

Pursuant to 28 U.S.C. §1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and if called upon, would so testify.

Anne M. Wagner
General Counsel
Personnel Appeals Board
U.S. Government Accountability Office

5

# EXHIBIT 1

# *Robert C. Seldon & Associates, P.C.*

**Attorneys-At-Law**
*1319 F Street, N.W., Suite 200*
*Washington, DC 20004*
*202-393-8200 · fax: 202-318-2287*

August 1, 2008

**BY HAND**
Anne M. Wagner, Esq.
General Counsel
Personnel Appeals Board
Government Accountability Office
Union Center Plaza II
820 First Street, N.E., Suite 580
Washington, DC 20002

Re:    Beyah v. Walker, Civ. Action No. 07-0109 (ESH)

Dear Ms. Wagner:

We represent Omar Beyah, the plaintiff in the action identified above. Under cover of this letter, we have forwarded a subpoena calling for the deposition of Diane Williams, Esq., and the production of relevant records, a notice of deposition and request for production, and a check for the witness fee and mileage expenses. A copy of the Complaint has also been forwarded for your review. The return date has been nominally set for August 18, 2008; upon confirmation that Ms. Williams will be produced, we will reschedule the deposition for a time that is convenient for the parties and your office.

This letter is intended to satisfy the requirements imposed under Touhy v. Ragen, 340 U.S. 462 (1951).

Mr. Beyah pursued a complaint before the Personnel Appeals Board in 2004, Docket No. 04-03. In accordance with 4 C.F.R. §2812, your organization, through Diane Williams, Esq., represented Mr. Beyah in seeking stays from the PAB. Mr. Beyah is entitled to the information and documents that Ms. Williams garnered during her assignment, as well as to any opinions, findings and conclusions that may not have been reduced to paper, because Ms. Williams represented Mr. Beyah. For the same reason, there cannot be any claim of privilege interposed against producing Ms. Williams or providing relevant documents. To the extent that there is, like all questions of privilege, any objections should be asserted on the record at a deposition, rather than broadside and in advance.

Anne M. Wagner, Esq.
August 1, 2008
Page 2

As set forth in the Complaint, Mr. Beyah is an accomplished architect and program manager successfully employed for more than fifteen years by the General Services Administration ("GSA"), who was terminated in less than a year after being recruited by his subsequent employer, the Government Accountability Office ("GAO"), effective September 10, 2004. GAO's alleged basis for terminating Mr. Beyah was his purported failure to perform satisfactorily as a Senior Analyst in GAO's Portfolio Management Division on its Physical Infrastructure Team. In truth, Mr. Beyah's substantive duties at GAO were no different from those that he had successfully performed over a long period of time at GSA and his performance at GAO was no less successful than it had been at GSA.

GAO's alleged reason for terminating Mr. Beyah was a pretext to discriminate against him on account of his race (African American) and his sex (male), and in retaliation for Mr. Beyah's opposition to defendant's discrimination toward him and his initiation of the administrative complaints process, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §§2000e-2, 3).

On behalf of Mr. Beyah, Ms. Williams undertook a review and an investigation of the circumstances surrounding the termination of his employment when she represented him before the PAB in Docket No. 04-03, pursuant to 4 C.F.R. §2812. With the resources of your office, Ms. Williams was able to garner many facts and documents and to interview many witnesses that are simply not available to an individual plaintiff, like Mr. Beyah.

Mr. Beyah has no substitute for the materials discovered and aggregated by Ms. Williams. I anticipate that her deposition will take less than three hours.

To my understanding, this information satisfies the Touhy requirements. If anything more is needed, please contact me and we will be glad to provide it.

I look forward to hearing from you as soon as your schedule permits to confirm Ms. Williams' appearance.

Very truly yours,

Robert C. Seldon

Cc:    AUSA Michelle Johnson
       Omar N. Beyah

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Omar N. Beyah

V.

David Walker, Comptroller General

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-0109 (ESH)

TO:  Diane Williams

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    1319 F Street, NW, Suite 200, Washington, DC | DATE AND TIME 8/18/2008 9:30 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
As specified in the attached Notice of Deposition/Request for Production of Documents

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 8/1/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert C. Seldon, Esq., 1319 F Street, NW, Suite 200, Washington, DC 20004 (202) 393-8200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                         SIGNATURE OF SERVER

                                                 _____
                                                 ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate excuse for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OMAR BEYAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-0109 (ESH/DAR) |
| v. | ) | |
| | ) | |
| DAVID M. WALKER, | ) | |
| Comptroller General | ) | |
| of the United States, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rules 26, 30, and 34 of the Federal Rules of

Civil Procedure, plaintiff will take the deposition upon oral examination of the following person

before a Notary Public or other person authorized to administer oaths at the offices of counsel for

plaintiff, Robert C. Seldon, Esq., Robert C. Seldon & Associates, P.C., 1319 F Street, N.W.,

Suite 200, Washington, D.C. 20004, commencing at the dates and times specified below:

| Deponent | Date | Time |
|---|---|---|
| Diane Williams | August 18, 2008 | 9:30 AM |

The deponent is further directed to bring with her all documents identified in Attachment

A.

Counsel are invited to attend and cross-examine.

1

Respectfully submitted,

/s/

Robert C. Seldon, Esq.
D.C. Bar No. 245100

Jennifer R. Amore, Esq.
D.C. Bar No. 975907
1319 F Street, N.W. Suite 305
Washington, D.C.  20004
Tel. (202) 955-6968
Fax (202)842-1418

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2008, a true and correct copy of the foregoing Notice of Deposition was served by hand upon:

Anne M. Wagner, Esq.
General Counsel
Personnel Appeals Board
Government Accountability Office
Union Center Plaza II
820 First Street, N.E., Suite 580
Washington, DC 20002

And by electronic mail upon:

Michelle Johnson, Esq.
Civil Division
555 4th Street, NW
Room E4212
Washington DC 20530

2

Robert C. Seldon

3

## ATTACHMENT A

## INSTRUCTIONS

This discovery initiative extends to all responsive documents within the custody or possession or otherwise subject to the control of the Office of General Counsel of the Government Accountability Office of the Personnel Appeals Board, whether located on its business premises, or at the business premises or residences of its agents, attorneys, officers, representatives, employees, contractors, sub-contractors, parents, holding companies, affiliates, offices, officials, members, directors, representatives, employees, agencies, departments, councils, bureaus, subsidiaries, units, divisions, and parts, or elsewhere.

**Segregate and index all responsive documents according to the number of the Request For Production to which they respond.**

If any responsive documents cannot be or are not produced in full due to their loss, destruction, or misplacement, identify all such information and documents; provide a complete and accurate account of the reasons for non-production and the circumstances surrounding their destruction, loss, or unavailability; identify persons with personal knowledge of the circumstances surrounding their destruction, loss, or unavailability; and respond to the fullest extent possible.

If any responsive documents are withheld on the grounds of privilege, identify:

a.)    the author(s), address(es), recipients(s), present custodian(s), and date(s) of all such documents;

b.)    all other persons who have seen or learned of all or part of any such document;

c.)    the subject matter and contents of each such document;

d.)    the specific basis for the claim of privilege; and

e.)    all other information necessary to adjudicate the propriety of your

claim of privilege.

In responding to this discovery initiative, you have a duty to consult every available source including, but not limited to your agents, attorneys, officers, representatives, employees, contractors, sub-contractors, affiliates, officers, directors, representatives, employees, agencies, departments, bureaus, subsidiaries, units, divisions, councils, and parts.

This discovery initiative is continuing in character and must be supplemented to the extent required by the Federal Rules of Civil Procedure, and the Local Rules of this Court.

## DEFINITIONS

Unless the text indicates to the contrary:

A.    "You" or "your" means the Office of General Counsel of the Personnel Appeals Board of the Government Accountability Office, and all of your agents, attorneys, officers, representatives, employees, contractors, sub-contractors, affiliates, parents, holding companies, offices, officials, members, directors, representatives, employees, agencies, departments, bureaus, subsidiaries, units, divisions, parts, offices, parents, predecessors, successors, or assigns. Where documents, knowledge or information in your custody or possession or subject to your control is requested or referred to, such request or reference includes documents, knowledge, and information in the custody or possession or subject to the control of all of the foregoing persons and entities.

B.    "The agency" means the Office of General Counsel of the Personnel Appeals Board of the Government Accountability Office.

C.    "<u>Document</u>" means the original and all non-identical copies of all writings, emails, drawings, graphs, charts, and plans; photographs, tapes, and recordings; compact disks, laser disks, computer disks and other computer recordations or storage mediums and print-outs thereof; and digital, electronic, and electro-magnetic records.

D.    "<u>Person</u>" means any individual, government entity, natural person, corporation, partnership, association, joint venture, sole proprietorship, limited liability company, firm or other business enterprise or legal entity, or any of such person's agents, attorneys, officers, representatives, employees, contractors, sub-contractors, affiliates, offices, officials, members, directors, representatives, employees, agencies, departments, bureaus, subsidiaries, units, divisions, parts, parents, holding companies, predecessors, successors, or assigns.

E.    "<u>Identify</u>" with respect to a <u>person</u> means to provide each such person's name and last known business address, place of residence, and business and residence telephone numbers.

F.    "<u>Identify</u>" with respect to a <u>document</u> means to provide a description thereof, its title, the date of its creation and transmission(s), its author(s), its recipient(s), its subject matter(s), and all attachments there.

G.    "<u>And</u>" and "<u>or</u>" mean "<u>and/or</u>."

H.    Use of the <u>singular</u> is deemed to include the <u>plural</u> and <u>vice versa</u>.

I.    Use of the <u>feminine</u> is deemed to include the <u>masculine</u> and <u>vice versa</u>.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.)    All documents which refer or relate, whether in whole or in part, to:

     A.)    Omar N. Beyah

     B.)    Personnel Appeals Board Docket No. 04-03.

     C.)    Any inquiry or investigation into Omar N. Beyah, his termination, or his

          employment with the Government Accountability Office.

     D.)    Any negotiation, mediation, or alternative dispute resolution concerning

          Omar N. Beyah or Personnel Appeals Board Docket No. 04-03.

# EXHIBIT 2



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 12, 2008

<u>VIA ELECTRONIC MAIL</u>

Mr. Robert C. Seldon
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, DC 20004

Re:     Deposition of Diane Williams in <u>Beyah v. Walker</u>, Civil Action No. 07-0109 (ESH)

Dear Mr. Seldon:

We are in receipt of your letter, sent pursuant to <u>Touhy v. Ragen</u>, 340 U.S. 462 (1951), enclosing a subpoena that seeks to command the deposition of Diane Williams, an attorney in the Personnel Appeals Board's ("PAB") Office of General Counsel. We do not agree to voluntarily produce Ms. Williams on August 18th and intend to move to quash this subpoena based on the following objections.

First, compliance with the subpoena would clearly intrude upon the PAB General Counsel's attorney work product. As you correctly noted in your letter, Ms. Williams was the PAB attorney assigned to investigate the facts underlying your client's administrative charge of discrimination. However, you incorrectly contend that Ms. Williams "represented" your client at the administrative stage. Such a relationship never existed between Ms. Williams and your client. Rather, pursuant to the applicable regulations, Ms. Williams conducted her investigation to assist the PAB General Counsel in determining whether there was any merit to the claims made by your client. It is only "[i]f the General Counsel determines that there are reasonable grounds to believe that the charging party's rights . . . have been violated" that the "General Counsel shall represent the charging party unless the charging party elects not to be represented by the Office of General Counsel." 4 C.F.R. § 28.12(d)(1). <u>Compare</u> 4 C.F.R. § 28.12(d)(1) <u>with</u> 4 C.F.R. § 28.12(d)(2) ("If, following the investigation, the General Counsel determines that there are not reasonable grounds to believe that the charging party's rights . . . have been violated, then the General Counsel <u>shall not represent</u> the charging party.") (emphasis added). In

Page 1 of 3

this case, because there was never a finding as to whether your client's rights had been violated, at no time did Ms. Williams act in a representational capacity as it pertains to Mr. Beyah.[1] See also 4 C.F.R. § 28.12(g) ("If a charging party exercises its option to file a petition with the Board without waiting for the completion of the investigation, the Office of General Counsel shall not represent the charging party in proceedings before the Board.") (emphasis added).

It is axiomatic that an attorney's legal theories, mental impressions and thought processes are subject to protection pursuant to the attorney work product doctrine and cannot be inquired into as a matter of course. United States v. Nobles, 422 U.S. 225, 237-238 (1975); Hager v. Bluefield Regional Medical Ctr., Inc., 170 F.R.D. 70, 76 (D.D.C. 1997). See also Hickman v. Taylor, 329 U.S. 495, 511 (1947). Any investigation that Ms. Williams conducted was conducted on behalf of the PAB General Counsel's Office and the results of any such investigation, including to Ms. Williams' "opinions, findings, and conclusions" are subject to protection by the attorney work product doctrine. This protection extends to any documents "garnered" by Ms. Williams during her assignment.[2] As the Supreme Court has clearly held, work product includes an attorney's "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways . . . ." Hickman, 329 U.S. at 511; see also In re Sealed Case, 856 F.2d 268, 273 (D.C. Cir. 1988) ("The work product doctrine reflects the strong public policy against invading the privacy of an attorney's course of preparation.") (citing Hickman, 329 U.S. at 510). Therefore, any effort to obtain Ms. Williams' mental impressions and thoughts as they relate to the PAB General Counsel's investigation into your client's claims of discrimination are protected from disclosure.

Second, Ms. Williams' deposition is wholly irrelevant to the claims at issue in the underlying litigation. The scope of permissible discovery extends only to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). At issue in the underlying litigation is whether your client was discriminated against on the basis of his race and gender when he was hired at the Band II, in lieu of the Band III level, and when his employment was terminated. Ms. Williams has no first-hand knowledge regarding either of these matters. Your client never worked with or for Ms. Williams; nor did she have any involvement concerning the employment decision to hire him or his subsequent termination.

Finally, the information you seek to obtain from Ms. Williams is duplicative of discovery your client has, and can, obtain in this case. Pursuant to Federal Rule of Civil Procedure 26(c),

---

[1] The fact that Ms. Williams requested a stay of Mr. Beyah's termination does not support your belief that she "represented" him. Rather, such a stay is routinely obtained, on behalf of the General Counsel's office, not the employee's behalf, to permit the office to complete its investigation into the facts underlying an employee's complaint.

[2] In addition, 4 C.F.R. § 28.12(i) provides that it is the "Office of General Counsel's policy to protect against disclosure of documents obtained during the investigation, as a means of ensuring that Office's continuing ability to obtain all relevant information."

the court is empowered to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ." Such an order is justified where there is good cause shown. Id. And the court "must" limit discovery that would be "unreasonably cumulative or duplicative, or can be obtained from some other source . . . ." Id. Both you, and your client, have had access to the employees who were directly responsible for the employment actions at issue in this case, and have deposed many such individuals. Thus, the information you are seeking from Ms. Williams is duplicative of the discovery plaintiff has taken, and continues to obtain in this case. There is simply no merit to your contention that Ms. Williams had the ability "to interview many witnesses that are simply not available to an individual plaintiff, like Mr. Beyah." Your client has not once been denied the opportunity to depose anyone directly involved in the facts underlying his claims. In this case, your client has already garnered much of the information regarding the employment decisions at issue by deposing the actual employees involved in those decisions, and there are currently several further depositions scheduled for the near future.

For all of these reasons, we intend to move to quash the subpoena you have issued to Ms. Williams. While during the parties' status hearing held on July 31, 2008, Magistrate Judge Robinson scheduled a telephonic status conference call for August 19, 2008 to discuss this issue, in light of your service of the subpoena on August 1, 2008, in which you attempt to compel Ms. Williams' appearance by August 18, 2008,[3] it is apparent that the PAB General Counsel's office can no longer wait until the 19th to raise these issues with the judge. Accordingly, defendant proposes a joint call to Magistrate Judge Robinson's chambers prior to Friday so that the parties may raise this issue.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By:  *Michelle N. Johnson*

MICHELLE N. JOHNSON

cc:    Anne M. Wagner

---

[3]It is puzzling that you chose this date for Ms. Williams' deposition since plaintiff has sought defendant's agreement for a further extension of time to conduct other depositions in this case on the basis that these depositions could not be completed in August.

Page 3 of 3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OMAR N. BEYAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **Civil Action No. 07-109 (ESH/DAR)** |
| v. | ) |
| | ) |
| DAVID M. WALKER, | ) |
| Comptroller General of | ) |
| the United States, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

**[Proposed] Order**

This matter having come before this Court on the motion of the Government Accountability Office ("GAO") Personnel Appeals Board ("PAB") Office of the General Counsel ("OGC") to quash the subpoena directed to PAB attorney Diane Williams and for a protective order protecting Ms. Williams and the PAB/OGC from discovery in this case, it is hereby

ORDERED that the motion to quash and for a protective order is GRANTED. And it is further

ORDERED that the subpoena directed to Ms. Williams is hereby QUASHED. And it is further

ORDERED that the PAB/OGC is relieved of any obligation of furnishing discovery in this litigation.

SO ORDERED on this _____ day of September, 2008.

_____

_____    DEBORAH ANN ROBINSON
                                    United States Magistrate Judge